UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LAPEDRA WILSON                              CIVIL ACTION NO. 13-cv-3125

VERSUS                                       JUDGE FOOTE

HOCHHEIM PRAIRIE CASUALTY         MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

## MEMORANDUM RULING

**Introduction**

Lapedra Wilson ("Plaintiff") filed suit in state court for damages caused by a car accident. The other driver's liability insurer, Hochheim Prairie Cas. Ins. Co., removed the case based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 11) on the grounds that the amount in controversy does not exceed $75,000. For the reasons that follow, the motion will be granted.

**Analysis**

   **A. Removing Party's Burden**

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the

removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. <u>Vantage Drilling Co. v. Hsin-Chi Su</u>, __ F.3rd __, 2014 WL 53691, *2 (5th Cir. 2014).

Plaintiff's petition, in accordance with state law, did not set forth a demand for a specific amount of damages. Hochheim asserted in its notice of removal that the amount in controversy exceeds $75,000. Hochheim may satisfy it burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy— in the notice of removal or an affidavit—that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999).

### B. Facially Apparent

The state court petition alleges that the Plaintiff was a passenger in an unspecified make and model of vehicle that was exiting a Wal-Mart parking lot in Center, Texas. The vehicle stopped to wait for traffic to clear. The driver of a 2009 Chevrolet pickup failed to stop his truck, and it struck the rear of the vehicle Plaintiff was in.

The petition alleges that Plaintiff "was injured" and "sustained injuries" and "required medical treatment," but it provides no particular facts about the nature and extent of the injuries or the type, duration, or expense of related treatment. The petition does not pray for an amount of damages, but it does list categories of damages such as past, present, and future medical expenses, pain and suffering, and permanent injuries and disability.

Hochheim, in its notice of removal, points to the allegation in the petition that the categories of damages include "permanent injuries and disability" and "loss of earnings." It contends that this makes it facially apparent that the amount at issue exceeds $75,000. This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc.[1]  See Nordman v. Kansas City Southern, 2009 WL 976493 (W. D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W. D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories.

Hochheim points out in its memorandum that Plaintiff alleges that the value of her claims is sufficient for trial by jury. Louisiana law generally does not allow a jury trial where "the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. C. C.P. art. 1732. This does something to help Hochheim, but it certainly does not make it more likely than not that the amount in controversy exceeds $75,000.

---

[1] Evidence of this can be seen by comparing the petition filed in this case with the petitions in Mitchell et al v. National Casualty, 13 CV 3078 and Dunahoe v. Progressive, 14 CV 0085. They include the same generic descriptions of injuries and a similar list of categories of damages.

Hochheim touts Plaintiff's naming of her UM insurer as "implicitly alleging" that her damages exceed the $100,000 of Hochheim's underlying liability coverage. Perhaps Plaintiff named her UM carrier because she deemed her damages to be so large. But perhaps she named the UM carrier because she did not know at the time if the liability insurer had a small coverage limit, or perhaps she wanted to protect against a situation where the liability insurer asserted a defense to coverage or claimed that the policy had lapsed. Plaintiff's attorneys, based on such concerns, sometimes include the UM carrier as a defendant out of an abundance of caution in even smaller cases. Thus, the mere fact the UM carrier has been named as a defendant means little in the assessment of the amount in controversy.

**C. Additional Facts**

Hochheim's notice of removal does not set forth any facts about Plaintiff's injuries, medical expenses, settlement demands, or otherwise that would help it meet its burden. It relies solely on the allegations in the state-court petition.

Plaintiff did attempt to provide some additional facts. Her attorney filed a post-removal stipulation that "her cause of action in the above entitled and numbered case does not presently exceed, nor in the future will exceed, the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs." A post-removal affidavit may be employed to clarify the jurisdictional facts that existed as of the time of removal if the jurisdictional amount is ambiguous on the face of the petition. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1254, n.18 (5th Cir. 1998). The stipulation would be more relevant if directed at the time of removal rather than the present or the future. In any event, a

conclusory stipulation does little to clarify an ambiguous petition. It provides no facts about the injury or related treatment or damages. Plaintiff's counsel does state in the memorandum in support of the motion to remand that Plaintiff was treated at a local hospital on the day of the accident and underwent chiropractic therapy for approximately one month afterwards to treat her soft-tissue injuries. He adds that she is not scheduled to undergo any additional medical treatment at this time. Hochheim protests the court's consideration of these "unverified facts," but it does not contest their accuracy.

**Conclusion**

Neither the petition nor Hochheim has provided the court with facts from which it can determine the nature or severity of the injuries, the extent and expense of any medical care, or other basic information that would be necessary for the court to find by a preponderance of the evidence that the amount in controversy exceeds $75,000. The petition's description of the accident suggests a low-speed parking lot collision that would not be expected to generate significant injuries. There is no representation of significant medical expenses or settlement demands, and Plaintiff's counsel indicates this is simply a soft tissue injury case with minor medical expenses. Hochheim has not satisfied its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the **Motion to Remand (Doc. 11)** is **granted**, subject to the stay in the accompanying order.

Both Plaintiff and Hochheim had tools available that could have avoided this unnecessary removal. Plaintiff could have taken advantage of Louisiana procedural law that

allowed a general allegation in her petition that her damages were insufficient to invoke the jurisdiction of the federal courts. La. C. C. P. art. 893(a)(1). A plaintiff may also include with her state court petition a binding stipulation that she will not accept more than $75,000 for her claim. See DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995) and Price v. Smart Professional Photocopy Corp., 2003 WL 203083 (E.D. La. 2003) (suggesting that a "stipulation between the parties" is required in Louisiana, rather than a mere unilateral statement). Those methods may not prevent, but should at least reduce, unnecessary removals of small damages cases.

    Hochheim, rather than removing a fender-bender case with little information about the amount in controversy, should have first directed interrogatories, requests for admission, or similar discovery to Plaintiff in an effort to learn about the amount of damages at issue. Some defendants fear that the 30-day removal period will run while they pursue such information, but the removal period is triggered only where the initial petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013), quoting Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir.1992).

    Petitions, like the one in this case, that state unspecified damage amounts do not trigger the time limit. For example, in Quest v. Church Mut. Ins. Co., 2013 WL 6044380 (E.D. La. 2013) the plaintiff alleged she was hit by a bus. She claimed "damages exceed[ing] $50,000" for neck and back injuries that would require lumbar surgery, past and future medical expenses, lost wages, permanent disability, etc. The court applied Mumphrey and

Chapman and held that, despite the severity of the injuries described in the petition, the removal clock was not triggered until plaintiff responded to an interrogatory and said she sought in excess of $900,000.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge